### LOUISIANA MORTGAGE CORPORATION, Inc., v. TROTTI.
### No. 1420.

Court of Appeal of Louisiana. First Circuit.
Jan. 21, 1935.

McCoy, Moss & King, of Lake Charles, for appellant.

Plauche & Bass, of Lake Charles, for appellee.

ELLIOTT, Judge.

Louisiana Mortgage Corporation, Inc., claims of J. A. Trotti, Sr., the sum of $810.02 on account with interest. The account sued on is annexed to, and made part of, its petition.

Trotti for answer admits that he did formerly owe plaintiff the amount claimed on account, but denied owing it anything at the time of being sued. He alleges as his defense that on or about January 1, 1933, his indebtedness to the plaintiff was extinguished by novation; that plaintiff accepted other debtors in his place and stead for the payment of the debt; that by reason of said novation he was discharged; that plaintiff is estopped by reason of said novation to claim said amount from him, and prayed that plaintiff's suit be dismissed.

From a judgment in favor of the plaintiff as prayed for, defendant appealed. The account sued on is for an indebtedness created in 1928, 1929, and 1931, and shows a balance of $810.02 due the plaintiff by defendant on account October 30, 1931. When the case was called for trial, the plaintiff, relying on the special defense pleaded by defendant, did not offer any evidence, upon which defendant, assuming the burden of establishing the novation alleged in his answer, called John W. Dickenson, manager of the plaintiff, for cross-examination and asked him the following questions, receiving answers as stated:

"Q. Mr. Dickenson, you are manager of the Louisiana Commercial Corporation, plaintiff herein? A. Yes, sir.

"Q. Mr. Dickenson, I ask you to examine this ledger sheet marked D—I and ask you

if that is the account of the defendant in this suit? A. It is.

"Q. And this is the ledger of the plaintiff company, is it not? A. Yes, sir."

This concludes the examination. Defendant offered the ledger sheet in evidence, following it with the statement, "We now file, your Honor, the plea of prescription of one year." This pleading was filed on June 4, 1934. With this showing, the case was submitted to the court.

Defendant mainly contends in his brief that the account sued on has been paid; that payment is proved against the plaintiff by the ledger sheet, according to which on January 1, 1933, plaintiff's account against defendant was balanced, not as the result of a novation, but by payments on account. But it is our conclusion that defendant's pleading filed on June 4, 1934, is not one of payment, but of prescription only. The pleading, to the extent that its nature may be seen, reads as follows:

"Now comes J. A. Trotti, Sr., defendant herein and with respect represents, that the debt sued upon herein was paid and extinguished on January 1st, 1933, as shown by plaintiff's ledger, and this suit was not filed until February 10th, 1934; therefore defendant pleads the prescription of one year provided by law."

Wherefore premises considered, defendant prays that this plea of prescription of one year be filed, maintained, and plaintiff's suit dismissed at its cost. For all orders and decrees necessary in the premises, general and equitable relief. Plaintiff filed a motion to strike out this pleading. The motion was overruled. It would serve no purpose to review the ruling. The plea is not one of payment, but of prescription. It cannot have effect as a plea of prescription against the account sued on, because it is not pleaded alternatively. Not having been alternatively pleaded, it is inconsistent with the defense of novation and contrary thereto. But suppose it to have been pleaded in a way that it could be considered, there is no prescription of one year against suits on an open account. In defendant's brief he does not claim that the prescription pleaded can be sustained. His argument is, that his answer denies owing the account sued on and that plaintiff has not overcome his denial.

The defense of novation admits the account. Defendant cannot release himself from his defense of novation by arguing that he, in a former part of his answer, denied owing the account sued on. We cannot apply to the case Civil Code, art. 2248, which provides that the books of merchants are good evidence against them, because his plea of novation admitted the correctness of the account sued on.

We have already stated that there is no plea of payment before us, but suppose, for the sake of argument, it had been made in the pleading of June 4, 1934, it is not alternatively made and is therefore inconsistent with, and contrary to, the defense of novation. The only defense before us is that of novation. "Obligations are extinguished * * * by novation." Civil Code, art. 2130.

Novation takes place in three ways. Civil Code, art. 2189:

"When a debtor contracts a new debt to his creditor, which new debt is substituted to the old one, which is extinguished.

"When a new debtor is substituted to the old one, who is discharged by the creditor. * * *"

In this case the defense is, that new debtors were substituted for the defendant, who was discharged by the plaintiff. No evidence of novation was offered in support of the averment that a novation had taken place in the way claimed. The defense is not established.

The lower court considered the situation in a carefully prepared opinion and rendered judgment in favor of the plaintiff as prayed for. Its finding, in our opinion, is correct.

Judgment affirmed. Defendant-appellant to pay the cost in both courts.